MARQUIS D. OWENS ESQ. (SBN 264508)
**THE OWENS FIRM**
2121 N California Blvd., Suite 1020
Walnut Creek, CA 94596
Telephone: (510) 876-5817
Facsimile: (510) 474-1624
marquis@mowenslaw.com

Attorneys for PLAINTIFF,
AMILLIAYANA ANASTASIA WALKER

### UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMILLIAYANA ANASTASIA WALKER, <br><br> PLAINTIFFs, <br><br> v. <br><br> CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT; CALIFORNIA HIGHWAY PATROL; LAFAYETTE POLICE DEPARTMENT; OFFICERS BEATRIZ D. LANZA, JAN PATRICK B. NOCHE, SEAN T. LAYTON, CHRISTOPHER S. ORGON, MIGUEL MEDRANO, DANIEL S. KELSO; SERGEANT PRUITT, SEARGEANT S. PLILER; and DOES 1 through 50, DEFENDANTs, <br><br> DEFENDANTs. | Case No. 3:25-cv-05410 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983).** <br> 2. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1986)** <br> 3. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983) (MONELL LIABILITY)** <br> 4. **ASSAULT** <br> 5. **BATTERY** <br> 6. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br> 7. **NEGLIGENCE** <br> 8. **VIOLATION OF CALIFORNIA CIVIL CODE §§ 52, 52.1 (BANE ACT)** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES

## INTRODUCTION

This is a civil action for monetary damages under 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and California state law, arising out of the use of excessive force by law enforcement officers, including the deployment of a police canine and macing PLAINTIFF AMILLIAYANA ANASTASIA WALKER, while she was handcuffed and not resisting arrest.

PLAINTIFF AMILLIAYANA ANASTASIA WALKER (hereinafter "PLAINTIFF") complains of DEFENDANTs CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT; CALIFORNIA HIGHWAY PATROL; LAFAYETTE POLICE DEPARTMENT, OFFICERS BEATRIZ D. LANZA, JAN PATRICK B. NOCHE, SEAN T. LAYTON, CHRISTOPHER S. ORGON, MIGUEL MEDRANO, DANIEL S. KELSO; SERGEANT PRUITT, SEARGEANT S. PLILER; and DOES 1 through 50, and each of them, and for causes of action alleged as follows:

## JURISDICTION

1. This action is filed in the United States District Court for the Norther District of California as the incident which is the subject of this matter occurred within Contra Costa County, CA.

2. PLAINTIFF has complied with applicable tort claim act procedures prior to filing this action.

## STATEMENT OF THE PARTIES

3. PLAINITFF is a transgender African-American female resident of the State of California and is over the legal age of eighteen (18) years.

4. DEFENDANT Contra Costa County Sheriff's Department is a public agency within the State of California and County of Contra Costa.

5. DEFENDANT California Highway Patrol (CHP) is a division of the California Department of Transportation and a law enforcement agency.

6. DEFENDANT Lafayette Police Department is a public agency within the State of California and County of Contra Costa.

7. DEFENDANTS Officers Lanza, Noche, Layton, Orgon, Medrano, Kelso, and Sergeants Pliler and Pruitt, at all relevant times, were acting under color of law and within the scope of their employment.

8. The true names and capacities of DOES 1–100 are presently unknown to PLAINTIFF. PLAINTIFF will amend this Complaint when their identities are ascertained.

9. PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned, each of the DEFENDANTs sued herein was the agent, servant and/or employee of each of the remaining DEFENDANTs and was at all times acting within the scope of such agency and employment, and/or acted in concert to cause injuries to PLAINTIFF.

## STATEMENT OF FACTS

10. On or about June 18, 2024, PLAINTIFF was taken into custody by officers affiliated with CHP, the Layfayette Police Department and/or the Contra Costa County Sheriff's Department following a traffic incident.

11. Despite her efforts to comply and the absence of any threat, PLAINTIFF was sprayed with mace by one or more of the responding officers, causing intense pain, disorientation, temporary blindness, and breathing difficulty.

12. While she was handcuffed, unarmed, and compliant, a police canine was deployed and attacked PLAINTIFF, causing deep bite wounds to her face, neck, ears, and legs.

13. Audio recordings from public records confirm that a canine unit was summoned to the scene and deployed.

14. The police reports generated in this matter fail to mention the use of the canine unit at all, constituting a material omission relevant to liability and public records integrity.

15. PLAINTIFF suffered severe physical injuries, emotional trauma, and long-term psychological distress from the incident.

## DAMAGES

16. As a direct result of DEFENDANTS' actions, PLAINTIFF Amilliayana Walker sustained severe and traumatic bite wounds to her face, neck, ears, and legs from a police canine while she was handcuffed and not resisting arrest. These injuries were not minor; they involved multiple sensitive and visible areas of her body, including the head and extremities: leaving permanent scarring. The attack has required, and may continue to require, ongoing medical care, wound treatment, and monitoring for infection and permanent scarring. The fact that the incident occurred while PLAINTIFF was restrained heightens the brutality of the injuries and supports a finding of excessive and unjustifiable physical harm.

17. The canine attack inflicted intense physical pain, both at the time of the mauling and in its aftermath. PLAINTIFF experienced pain not only during the incident, but also during transportation to the hospital, and as she was treated for multiple deep lacerations and puncture wounds. Such injuries inherently carry residual pain, and PLAINTIFF continues to suffer from the lingering effects. The extreme force used against a restrained individual constitutes egregious conduct that is likely to cause substantial pain and is compensable as a matter of law.

18. The assault has left PLAINTIFF with serious emotional and psychological distress, including panic, anxiety, flashbacks, and fear of law enforcement. Given that the canine was unleashed on PLAINTIFF while she was handcuffed and complying, and that she was subjected to such violence without provocation, her fear is well-founded and enduring. The psychological impact of being attacked by a dog while defenseless and restrained rises to the level of trauma requiring therapeutic intervention, and PLAINTIFF has endured emotional injuries comparable to post-traumatic stress disorder (PTSD). This harm is compensable under both federal civil rights law and California tort principles.

19. PLAINTIFF'S Fourth and Fourteenth Amendment rights under the U.S. Constitution were violated by the use of objectively unreasonable and excessive force. She was subjected to a canine mauling and maced while restrained and in custody, in clear contravention of established constitutional protections. Additionally, the failure to document the canine use in the official reports reflect a deliberate concealment or cover-up, further exacerbating the constitutional injury. PLAINTIFF is entitled to compensatory damages for the deprivation of her civil rights, as well as punitive damages due to the oppressive and reckless nature of DEFENDANTS' conduct.

20. Due to the severity of the violations and the denial of accountability, PLAINTIFF found it necessary to retain legal counsel to vindicate her rights. PLAINTIFF is therefore entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988 and California Civil Code §§ 52 and 52.1, which provide for attorney's fees in cases involving the violation of civil rights and constitutional liberties.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### (EXCESSIVE FORCE, FAILURE TO INTERVENE, SUPERVISORY LIABILITY, FOURTEENTH AMENDMENT VIOLATIONS)
(Against All Officer DEFENDANTs Individually)

21. PLAINTIFF AMILLIAYANA ANASTASIA WALKER refers to and repleads each and every allegation contained in paragraphs 1 through 20 of this complaint, and by reference incorporates the same herein and makes each a part thereof.

22. DEFENDANTs, acting under color of law, subjected PLAINTIFF to excessive force in violation of the Fourth Amendment, specifically by macing her and deploying a police canine while PLAINTIFF was handcuffed, restrained, and non-threatening.

23. It is well-established that use of force against a handcuffed and compliant suspect is constitutionally excessive. PLAINTIFF posed no immediate threat to any officer at the time of the attack.

24. DEFENDANTS, and each of them, conspired and agreed to violate PLAINTIFF'S rights and reached a meeting of the minds to cover up their wrongful behavior. In furtherance thereof, DEFENDANTS carried out conspirational acts to violate PLAINTIFFS constitutional rights.

25. As a proximate result of the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINITFF sustained great physical pain, mental pain, shock, fear, anxiety, torment, degradation and emotional distress.

26. By reason of the aforementioned acts and omissions of DEFENDANTS, and each of them, PLAINITFF incurred medical expenses for their damages in an amount as will be proven at trial.

27. By reason of the aforementioned acts of DEFENDANTS, and each of them, PLAINTIFF was compelled to secure the services of attorneys at law to redress the wrongs hereinbefore mentioned and by virtue thereof, PLAINTIFF is indebted for attorneys' fees.

28. The aforementioned acts and omissions of DEFENDATNS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress PLAINTIFF with conscious disregard of PLAINTIFFS' constitutional rights and by reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, and each of them, in an amount to be proved at trial.

//

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1986) (FAILURE TO PREVENT CIVIL RIGHTS VIOLATIONS)**
**(Against All Present Officers)**

29. PLAINTIFF AMILLIAYANA ANASTASIA WALKER refers to and repleads each and every allegation contained in paragraphs 1 through 28 of this complaint, and by reference incorporates the same herein and makes each a part thereof.

30. Every officer present at the scene had a duty to intervene to prevent the use of excessive force, yet each failed to act.

31. Officers observed PLAINTIFF handcuffed and compliant; yet failed to stop the deployment of a police dog or mitigate the attack. Further, each officer failed to prevent PLAINTIFF from being maced while she was handcuffed.

32. This inaction constitutes a constitutional violation under Section 1986, and each officer is individually liable for failing to prevent known unlawful conduct

33. DEFENDANTS, and each of them, conspired and agreed to violate PLAINTIFF'S rights and reached a meeting of minds to cover up their wrongful behavior. In furtherance thereof, DEFENDANTS carried out conspirational acts to violate PLAINTIFFS constitutional rights.

34. As a proximate result of the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINITFF sustained great physical pain, mental pain, shock, fear, anxiety, torment, degradation and emotional distress.

35. By reason of the aforementioned acts and omissions of DEFENDANTS, and each of them, PLAINITFF incurred medical expenses for their damages in an amount as will be proven at trial.

36. By reason of the aforementioned acts of DEFENDANTS, and each of them, PLAINTIFF was compelled to secure the services of attorneys at law to redress the wrongs hereinbefore mentioned and by virtue thereof, PLAINTIFF is indebted for attorneys' fees.

37. The aforementioned acts and omissions of DEFENDATNS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress PLAINTIFF with conscious disregard of PLAINTIFFS' constitutional rights and by reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, and each of them, in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. §1983) (MONELL LIABILITY)
**(Against CHP, Contra Costa Sheriff's Dept. Lafayette Police Department, and Supervisors)**

38. PLAINTIFF AMILLIAYANA ANASTASIA WALKER refers to and repleads each and every allegation contained in paragraphs 1 through 37 of this complaint, and by reference incorporates the same herein and makes each a part thereof.

39. CHP, the Lafayette Police Department and the Contra Costa Sheriff's Department maintained policies, customs, and practices that permitted unconstitutional uses of force, including deployment of canine units against restrained individuals. Further, they have maintained such polices especially against African Americans and members of the transgender community.

40. These agencies also failed to adequately train, supervise, or discipline officers with respect to use of force and post-incident reporting.

41. The absence of any mention of the dog attack in the official police report constitutes evidence of a systemic failure to document and address misconduct, and supports a finding of deliberate indifference.

42. DEFENDANTS, and each of them, conspired and agreed to violate PLAINTIFF'S rights and reached a meeting of minds to cover up their wrongful behavior. In furtherance thereof, DEFENDANTS carried out conspirational acts to violate PLAINTIFFS constitutional rights.

43. As a proximate result of the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINITFF sustained great physical pain, mental pain, shock, fear, anxiety, torment, degradation and emotional distress.

44. By reason of the aforementioned acts and omissions of DEFENDANTS, and each of them, PLAINITFF incurred medical expenses for their damages in an amount as will be proven at trial.

45. By reason of the aforementioned acts of DEFENDANTS, and each of them, PLAINTIFF was compelled to secure the services of attorneys at law to redress the wrongs hereinbefore mentioned and by virtue thereof, PLAINTIFF is indebted for attorney's fees.

46. The aforementioned acts and omissions of DEFENDATNS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress PLAINTIFF with conscious disregard of PLAINTIFFS' constitutional rights and by reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, and each of them, in an amount to be proved at trial.

### FOURTH CLAIM FOR RELIEF
### ASSAULT
### (Against All Individual DEFENDANTs)

47. PLAINTIFF AMILLIAYANA ANASTASIA WALKER refers to and repleads each and every allegation contained in paragraphs 1 through 46 of this complaint, and by reference incorporates the same herein and makes each a part thereof.

48. DEFENDANTs threatened PLAINTIFF with immediate harmful contact through their actions and verbal commands.

49. PLAINTIFF reasonably feared imminent attack when she was confronted with drawn weapons, aggressive shouting, and the threat of canine deployment.

50. These threats constitute actionable assault under California law.

51. DEFENDANTS, and each of them, conspired and agreed to violate PLAINTIFF'S rights and reached a meeting of minds to cover up their wrongful behavior. In furtherance thereof, DEFENDANTS carried out conspirational acts to violate PLAINTIFFS constitutional rights.

52. As a proximate result of the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINITFF sustained great physical pain, mental pain, shock, fear, anxiety, torment, degradation and emotional distress.

53. By reason of the aforementioned acts and omissions of DEFENDANTS, and each of them, PLAINITFF incurred medical expenses for their damages in an amount as will be proven at trial.

54. By reason of the aforementioned acts of DEFENDANTS, and each of them, PLAINTIFF was compelled to secure the services of attorneys at law to redress the wrongs hereinbefore mentioned and by virtue thereof, PLAINTIFF is indebted for attorneys' fees.

55. The aforementioned acts and omissions of DEFENDATNS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress PLAINTIFF with conscious disregard of PLAINTIFFS' constitutional rights and by reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, and each of them, in an amount to be proved at trial.

### FIFTH CLAIM FOR RELIEF
### BATTERY
### (Against All Individual DEFENDANTs)

56. PLAINTIFF AMILLIAYANA ANASTASIA WALKER refers to and repleads each and every allegation contained in paragraphs 1 through 55 of this complaint, and by reference incorporates the same herein and makes each a part thereof.

57. The physical attack by a police canine—unleashed while PLAINTIFF was restrained and surrendering—constitutes battery, a harmful or offensive touching without consent.

58. The attack was not legally justified under any standard of reasonable use of force.

59. DEFENDANTS, and each of them, conspired and agreed to violate PLAINTIFF'S rights and reached a meeting of minds to cover up their wrongful behavior. In furtherance thereof, DEFENDANTS carried out conspirational acts to violate PLAINTIFFS constitutional rights.

60. As a proximate result of the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINITFF sustained great physical pain, mental pain, shock, fear, anxiety, torment, degradation and emotional distress.

61. By reason of the aforementioned acts and omissions of DEFENDANTS, and each of them, PLAINITFF incurred medical expenses for their damages in an amount as will be proven at trial.

62. By reason of the aforementioned acts of DEFENDANTS, and each of them, PLAINTIFF was compelled to secure the services of attorneys at law to redress the wrongs hereinbefore mentioned and by virtue thereof, PLAINTIFF is indebted for attorneys' fees.

63. The aforementioned acts and omissions of DEFENDATNS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress PLAINTIFF with conscious disregard of PLAINTIFFS' constitutional rights and by reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, and each of them, in an amount to be proved at trial.

### SIXTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Individual DEFENDANTs)

64. PLAINTIFF AMILLIAYANA ANASTASIA WALKER refers to and repleads each and every allegation contained in paragraphs 1 through 63 of this complaint, and by reference incorporates the same herein and makes each a part thereof.

65. DEFENDANTs engaged in outrageous and oppressive conduct, including macing andunleashing a dog on a defenseless woman and omitting the incident from official reports.

66. This conduct was intentional and/or in reckless disregard of the emotional harm it would cause.

67. PLAINTIFF has suffered severe psychological trauma, and DEFENDANTS' conduct was a substantial factor in causing this injury.

68. DEFENDANTS, and each of them, conspired and agreed to violate PLAINTIFF'S rights and reached a meeting of minds to cover up their wrongful behavior. In furtherance thereof, DEFENDANTS carried out conspirational acts to violate PLAINTIFFS constitutional rights.

69. As a proximate result of the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINITFF sustained great physical pain, mental pain, shock, fear, shock, anxiety, torment, degradation and emotional distress.

70. By reason of the aforementioned acts and omissions of DEFENDANTS, and each of them, PLAINITFF incurred medical expenses for their damages in an amount as will be proven at trial.

71. By reason of the aforementioned acts of DEFENDANTS, and each of them, PLAINTIFF was compelled to secure the services of attorneys at law to redress the wrongs hereinbefore mentioned and by virtue thereof, PLAINTIFF is indebted for attorneys' fees.

72. The aforementioned acts and omissions of DEFENDATNS were committed by each of them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress PLAINTIFF with conscious disregard of PLAINTIFFS' constitutional rights and by reason thereof, PLAINTIFF seeks punitive and exemplary damages from DEFENDANTS, and each of them, in an amount to be proved at trial

//

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENCE
### (Against All Individual DEFENDANTs)

73. PLAINTIFF AMILLIAYANA ANASTASIA WALKER refers to and repleads each and every allegation contained in paragraphs 1 through 72 of this complaint, and by reference incorporates the same herein and makes each a part thereof.

74. DEFENDANTS owed PLAINTIFF a duty of care in the use of force, custody, and documentation of the incident.

75. DEFENDANTS were negligent in doing certain acts as alleged in the complaint.

76. PLAINTIFF'S physical and emotional injuries were a direct and foreseeable result of this negligence.

77. As a proximate result of the aforesaid acts and omissions of DEFENDANTS, and each of them, PLAINITFF sustained great physical pain, mental pain, shock, fear, anxiety, torment, degradation and emotional distress.

78. By reason of the aforementioned acts and omissions of DEFENDANTS, and each of them, PLAINITFF incurred medical expenses for their damages in an amount as will be proven at trial.

79. §compelled to secure the services of attorneys at law to redress the wrongs hereinbefore mentioned and by virtue thereof, PLAINTIFF is indebted for attorneys' fees.

## EIGHTH CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA CIVIL CODE §§ 52, 52.1 (BANE ACT)
### (Against All DEFENDANTs)

80. PLAINTIFF AMILLIAYANA ANASTASIA WALKER refers to and repleads each and every allegation contained in paragraphs 1 through 79 of this complaint, and by reference incorporates the same herein and makes each a part thereof.

13

COMPLAINT FOR DAMAGES

81. The Bane Act protects individuals from interference with their constitutional rights through threats, intimidation, or coercion.

82. DEFENDANTS' conduct—including use of a police canine and macing a restrained subject, coercive and aggressive commands, and suppression of facts—violated PLAINTIFF's rights through coercive violence and threat.

83. The attack was carried out with oppression, justifying statutory, compensatory, and punitive damages.

84. DEFENDANTS actions interfered with and threatened to interfere with PLAINTIFF'S rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and Art. 1 § 13 of the California Constitution.

85. The actions of these DEFENDANTS were a substantial factor in causing PLAINTIFF ot sustain harm and the special and general damages which PLAINTIFF will establish at trial.

86. The acts of the individual DEFENDANTS were willful malicious, intentional, oppressive, reckless, and / or were done in a willful and conscious disregard of PLAINTIFF'S rights, welfare, and safety, thereby justifying the award of punitive and exemplary damages in an amount to be determined at the time of trial.

### PRAYER FOR RELIEF

**WHEREFORE, THESE PREMISES CONSIDERED**, PLAINTIFFs pray judgment against DEFENDANTs, and each of them, as follows:

1. General damages in an amount to be determined according to proof;
2. Special damages, past, present, and future, in an amount to be determined according to proof;
3. Exemplary and punitive damages as permitted by law;
4. Statutory damages under Civil Code §§ 52 and 52.1;

5. For reasonable attorney's fee pursuant to 42 U.S.C. §1988 (as to all §1983, §1985, and §1986 claims),

6. For reasonable attorney's fee pursuant to California Civil Code §§ 52 and 52.1;

7. For any prejudgment interest to which PLAINTIFF may be entitled under California law;

8. For costs of suit; and

9. For such other, further and different relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial on all claims triable by jury

DATED: June 26, 2025                              THE OWENS FIRM

*[signature]*
_____
Marquis D. Owens